## Daniels' Petition

*George Lamar Daniels*, petitioner, p. p.
*John W. Mentzer*, contra.

SHEELY, P. J., November 4, 1937. — This matter was before the court under section 1206 of the Pennsylvania Election Code of June·3, 1937, P. L. 1333, which requires the court, on Election Day, to settle summarily controversies that may arise with respect to the conduct of elections. Petitioner alleged that the election board of McConnellsburg Borough had refused to permit him to vote and prayed the court for an order on the board requiring it to give him a ballot.

At the hearing it developed that petitioner's right to vote had been challenged on the ground of residence, and that he had refused to file the affidavit of continued residence required by section 1210 (*d*) of the Pennsylvania Election Code, supra. His petition was therefore dismissed.

Petitioner subsequently filed with the election board the required affidavit of continued residence and was again refused a ballot on the ground that he had not resided in the borough for at least two months immediately preceding the election. Upon application, the court permitted the original petition to be revived and proceeded to hear the testimony of petitioner, which was to the following effect:

Petitioner was born in Fulton County, but removed therefrom in 1928. He lived in New York until 1931, and in Ohio until 1933. In 1933 he secured employment in and removed to Harrisburg, Pa., and has continued in that same employment from 1933 to the present date. He admittedly established a residence in Harrisburg and voted there in 1934 and 1935.

In February 1936 petitioner, then a single man, came to McConnellsburg and registered at the McDowell Hotel, where he remained over the week-end, returning to his employment and his room at Harrisburg the following week. He left some articles of clothing at the hotel and returned there from time to time when he was in the vicinity, "possibly once every two weeks or once every six weeks." Some articles of clothing remained at the hotel until about September 1, 1936, since which time petitioner has kept no articles of property in McConnellsburg. Petitioner was registered and permitted to vote in the borough at the primary and the general election of 1936 and at the primary of 1937. His vote at the special election in the spring of 1937 was challenged and he was refused a ballot. Petitioner has since married, and he and his wife reside together in Harrisburg. In June 1937 he accepted employment in the service of the Commonwealth in addition to his previous employment.

The testimony of petitioner was not corroborated, although the proprietor of the McDowell Hotel in 1936 was present in the courtroom, as was the elector who signed the residence affidavit under section 1210. The challenger, although represented by counsel, offered no evidence.

The position taken by petitioner was that the steps taken by him in February 1936, and continued until September 1936, established McConnellsburg as his legal residence, although he maintained his former actual residence in Harrisburg at the same time. He also contended that since he was a State employe he was not required to live at his voting residence, and that the Borough of McConnellsburg was his legal residence during the two months prior to the general election of 1937.

Section 703 of the Pennsylvania Election Code provides that, for the purpose of registration and voting, no person shall be deemed to have gained a residence by reason of his presence, or lost it by reason of his absence, while employed in the service of the State. It is clear that this section of the act does not apply to petitioner. He ad-

mittedly acquired a residence in Harrisburg prior to 1935 and did not become a State employe until June 1937. Section 703 merely provides that the residence of a State employe shall not necessarily change by reason of his absence from a particular place which was his residence, while employed in the service of the State. It does not, however, give to a State employe the right to elect his voting residence without becoming a resident in fact.

Article VIII, sec. 1, of the Constitution of Pennsylvania specifies the qualifications of electors and provides, inter alia, that:

"He shall have resided in the election district where he shall offer to vote at least two months immediately preceding the election."

The word "resident" as used in this section has been frequently defined by the courts. The leading case is Fry's Election Case, 71 Pa. 302 (1872). The history of the use of this term is there discussed, and it is stated:

"Thus an actual fixed residence and home, as the means of identifying the elector, and securing the public against frauds, was the evident purpose of the district residence."

The rule is there stated that the term "residence" "means that place where the elector makes his permanent or true home, his principal place of business, and his family residence, if he have one; where he intends to remain indefinitely, and without a present intention to depart; when he leaves it he intends to return to it, and after his return he deems himself at home."

This definition has been carried into section 704 of the Pennsylvania Election Code of 1937. It is there stated "that place shall be considered the residence of a person in which his habitation is fixed and to which, whenever he is absent, he has the intention of returning", and "the place where the family of a married man resides shall be considered and held to be his place of residence." In order to change a residence so that the old one is lost and a new one acquired, the elector must intend to change his residence and there must be an actual removal to the new resi-

dence. The word "residence", as used in the Constitution, must be given its ordinary meaning, and it is clear that the framers of the Constitution intended that the elector should have a fixed and certain abode in a district and that he should be permitted to vote where he then actually resided, and nowhere else: McDaniels' Case, 2 Clark 82 (1844).

Almost identically the same situation that we are now considering was before the court in Commonwealth v. Devine, 14 Dist R. 1 (1904). It was there said:

"The constitutional requirement of residence is not a thing obtained by anything but actual residence. A man who has a home, a place that he returns to when business and pleasure are ended, where he goes to for his usual sleep and meals, in fact, a place that he lives in, *cannot* obtain a right to vote by renting a room, furnishing it, having some clothing in it, and occasionally eating or sleeping in it in another election district.

"A man resides where, in ordinary language, his home is. Words used in a constitution are to be taken as used in their usual meaning."

Whatever may have been the status of petitioner's residence in 1936, it is clear that he did not reside in the election district of McConnellsburg at least two months immediately preceding the election, as required by article VIII, sec. 1, of the Constitution and by section 701 of the Pennsylvania Election Code of 1937. During that period of time his family resided in Harrisburg, and his habitation there was as firmly fixed as it was in 1935. The election board of the borough, performing the duty imposed upon them by section 1213 of the code, investigated and passed upon the qualifications of petitioner and correctly determined that petitioner did not reside within the borough at least two months immediately preceding the election, and they properly refused to give him a ballot.

For these reasons, at the time of hearing on November 2, 1937, we entered an order affirming the action of the election board and dismissing the petition.